USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: October 25, 2017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
                                                                   :
AMERICAN EMPIRE SURPLUS LINES                                      :
INSURANCE CO.,                                                     :
                                                                   :
                                                                   :
                                   Plaintiff,                      :
                                                                   :     16-cv-7946 (KBF)
                  -v-                                              :
                                                                   :     OPINION & ORDER
COLONY INSURANCE COMPANY,                                          :
                                                                   :
                                   Defendant.                      :
                                                                   X
------------------------------------------------------------------

KATHERINE B. FORREST, District Judge:

This is an insurance coverage dispute. On October 11, 2016, American Empire Surplus Lines Insurance Company ("American Empire") commenced this action against Colony Insurance Company ("Colony"), seeking a declaration that Colony is the primary insurer with regard to certain claims, that it is prohibited from seeking contribution from American Empire, and that Colony must assume the defense of the insured, the New York City Housing Authority ("NYCHA"), in certain personal injury actions. On September 7, 2017, American Empire moved for summary judgment on all claims (ECF No. 28), and on October 6, 2017, Colony cross-moved (ECF No. 31). For the reasons set forth below, the Court DENIES American Empire's motion and GRANTS Colony's.

I. FACTS

The following facts are undisputed unless otherwise stated.

Three separate lawsuits for bodily injury relating to work by employees of a contractor, Technico Construction Services Inc. ("Technico") have been commenced in New York State Court against the NYCHA:

1. <u>Ruben Leon and Martha Culcay v. City of New York and New York Housing Authority</u>, Index No. 712943/2015;

2. <u>Rodrigo Galvez v. City of New York, The New York City Housing Authority</u>, Index No. 150663/2016; and

3. <u>Amandou Y. Sims v. New York City Housing Authority and the City of the New York</u>, Index No. 152854/2016.

On March 24, 2014, Colony issued an "Owners and Contractors Protective Liability Policy" (the "OCP Policy") to the NYCHA for the period from 3/14/14 to 3/14/15. (Ex. G to the Affidavit of Monte E. Sokol ("Sokol Aff."), ECF No. 28-8.) The OCP Policy provides primary coverage for non-excluded claims. American Empire provided secondary coverage to the NYCHA for the same period. American Empire has currently assumed the duty to defend in the above lawsuits. Its assertion here is that the OCP Policy provides primary coverage (rendering its secondary policy inapplicable to the defense and coverage of those disputes), and that no exclusions apply.

There is no dispute that Technico was a contractor hired by the NYCHA to perform certain work. It is also undisputed that Leon, Galvez, and Sims, plaintiffs in the state court lawsuits, were employees of Technico at the time of their alleged injuries. The first and primary question for this Court is whether the OCP Policy

provides coverage for claims arising from bodily injury sustained by employees of the contractor hired by NYCHA. The terms of the Policy are clear and unambiguous that such injuries are excluded from coverage.

II.   PERTINENT TERMS OF THE COLONY INSURANCE POLICY

The parties' dispute requires the interpretation of two pertinent provisions in the OCP Policy: Section I, "Coverages," and an "Endorsement" containing certain exclusions from coverage.

SECTION 1 – COVERAGES

BODILY INJURY AND PROPERTY DAMAGE LIABILITY

1. Insuring Agreement

   a. We will pay those sums that the insured [NYCHA] becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages even if the allegations of the suit are groundless, false or fraudulent. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply . . .

   b. This insurance applies to "bodily injury" and "property damage" only if:

      (1) The "bodily injury" or "property damage" is caused by an "occurrence" and arises out of:

         (a) Operations performed for you by the "contractor" at the location specified in the Declaration; or

         (b) Your acts or omissions in connection with the general supervision of such operations . . .

(Id. at 5.) The term "contractor" is defined in Section V as "the contractor designated in the Declarations." (Id. at 12.) There is no dispute that Technico was the "contractor" designated in the Declarations.

The Endorsement contains certain exclusions to coverage. Included among them is the following:

> This insurance does not apply to:
>
> **Subcontractors and Independent Contractors**
>
> "Bodily injury" or "property damage":
>
> (1) arising out of the acts of your independent contractors or subcontractors unless you:
>
> > (a) obtain certificates of insurance that evidence coverage and Limits of Insurance equal to or greater than the coverages and Limits of Insurance provided by this policy in force for the term of the work performed for you; and
> >
> > (b) provide us upon our request copies of Certificates of Insurance that you shall require and have obtained from your subcontractors before any work performed on your behalf . . .
>
> (2) sustained by any contractor, subcontractor or independent contractor or any of their "employees", "temporary workers", or "volunteer workers".

(Id. at 24.)

III. LEGAL PRINCIPLES

　A. Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment

4

as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating "the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). When the moving party does not bear the ultimate burden on a particular claim or issue, it need only make a showing that the non-moving party lacks evidence from which a reasonable jury could find in the non-moving party's favor at trial. Id. at 322-23.

In making a determination on summary judgment, the court must "construe all evidence in the light most favorable to the nonmoving party, drawing all inferences and resolving all ambiguities in its favor." Dickerson v. Napolitano, 604 F.3d 732, 740 (2d Cir. 2010). Once the moving party has discharged its burden, the opposing party must set out specific facts showing a genuine issue of material fact for trial. Wright v. Goord, 554 F.3d 255, 266 (2d Cir. 2009). "[A] party may not rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment," as "[m]ere conclusory allegations or denials cannot by themselves create a genuine issue of material fact where none would otherwise exist." Hicks v. Baines, 593 F.3d 159, 166 (2d Cir. 2010) (internal citations omitted). In addition, "[o]nly admissible evidence need be considered by the trial court in ruling on a motion for summary judgment." Porter v. Quarantillo, 722 F.3d 94, 97 (2d Cir. 2013) (internal quotation marks and citation omitted).

Only disputes relating to material facts—i.e., "facts that might affect the outcome of the suit under the governing law"—will properly preclude the entry of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); see

also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986) (stating that the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts"). The Court should not accept evidence presented by the nonmoving party that is so "blatantly contradicted by the record . . . that no reasonable jury could believe it." Scott v. Harris, 550 U.S. 372, 380 (2007); see also Zellner v. Summerlin, 494 F.3d 344, 371 (2d Cir. 2007) ("Incontrovertible evidence relied on by the moving party . . . should be credited by the court on [a summary judgment] motion if it so utterly discredits the opposing party's version that no reasonable juror could fail to believe the version advanced by the moving party.").

B. Principles Governing the Interpretation of Insurance Contracts

The interpretation of insurance contracts is a question of law for the courts. Alexander & Alexander Services, Inc. v. These Certain Underwriters at Lloyd's, 136 F.3d 82, 86 (2d Cir. 1998). Whether contract language is ambiguous is also a question of law properly resolved on a motion for summary judgment. Seiden Assocs., Inc. v. ANC Holding, Inc., 959 F.2d 425, 428 (2d Cir. 1992).

In determining a dispute over insurance coverage, a court starts with the language of the policy itself. Consolidated Edison Co. of N.Y. v. Allstate Ins. Co., 98 N.Y.2d 208, 221 (2002). Courts are to construe the words of the policy in a manner that gives meaning to all language, and leaves no provision without force and effect. Id. at 221-22. When a dispute arises that involves the terms of an insurance contract, New York law provides that the contract is interpreted to give effect to the

6

intent of the parties as expressed in the clear language of the contract. Parks Real Estate Purchasing Grp. V. St. Paul Fire & Marine Ins. Co., 472 F.3d 33, 42 (2d Cir. 2006). When the provisions are unambiguous and understandable, the court is to enforce them as written. Id.

> The ambiguity of a contract is a question of law.
>
> An ambiguity exists where the terms of an insurance contract would suggest more than one meaning when viewed objectively by a reasonably intelligent person who has examined the context of the entire integrated agreement and who is cognizant of the customs, practices, usages, and terminology as generally understood in the particular trade or business.

Id. While it is the insured's burden to establish the existence of coverage, it is the insurer's burden to demonstrate the applicability of an exclusion. Seaboard Sur. Co. v. Gillette Co., 64 N.Y. 2d 304, 311 (1984).

IV. DISCUSSION

This case presents a straightforward question of contract interpretation. The question is whether the phrase "any contractor" as used in the Endorsement to the exclusions encompasses Technico. If it does, then because the plaintiffs in the civil lawsuits for which coverage is sought were undisputedly its employees, the Colony OCP Policy does not provide coverage. If Technico is not captured by the phrase "any contractor," then there is coverage.

Plainly Technico is a contractor, and plainly it is encompassed within the intentionally broad phrase "any contractor." It would seem, based upon the clear and unambiguous language as well as the undisputed facts, that this puts an end to the inquiry. American Empire has taken the position, however, that Technico's

7

status as the defined designated "contractor" means that it is not within the scope of the phrase in the exclusions, "any contractor." If the reader finds this a confusing argument that is because it is. American Empire is attempting to use the fact that Technico is the designated contractor as a way of distinguishing it from any and all other contractors. In other words, according to American Empire, once Technico became the designated "contractor" (as defined and set off by quotation marks), it lost any status in the agreement as merely a contractor (without quotation marks). This argument lacks merit.[1]

In essence, American Empire is seeking to define the phrase "any contractor" as excluding one particular contractor, Technico. This is not supported by the language or the obvious intent of the parties in the context of the insurance contract. First, the word "any" is broad—it encompasses every contractor, including Technico. This reading is supported by another provision in the Policy whereby a designated "contractor" is explicitly distinguished from a contractor. (See Sokol Aff., Ex G. at 11.) That is, when the parties to the insurance contract intended for the designated "contractor" to be treated differently from other contractors, they so stated. There is no such distinction in the exclusion language.

In addition, the context of the exclusion supports the Court's interpretation. Colony took out and paid for the OCP Policy to benefit NYCHA. The exclusion immediately prior at issue here is for "employees" and "temporary workers" of the insured. In other words, the intention of the parties was plainly to exclude the

---

[1] Colony also argues that in addition, it is an "Independent Contractor." The Court agrees.

8

employees of the insured and of its contractor from coverage, but to provide coverage to others. The exclusion that follows—relating to any contractor, subcontractor or independent contractor—is consistent that with that provision. This provision similarly evinces an intent not to cover employees, but rather to cover others.

In sum, there is no basis for a reading of the phrase "any contractor" that excludes any contractor, including Technico. From this determination it follows that the Court must deny the summary judgment motion brought by American Empire, and GRANT that of Colony. In addition, as American Empire's remaining counts depend upon a favorable determination on the above interpretation issue, they are also DISMISSED.

V. CONCLUSION

For the reasons set forth above, the Court DENIES American Empire's motion for summary judgment and GRANTS Colony's cross-motion. The Clerk of Court is directed to terminate the motions at ECF Nos. 28 and 31, and to terminate this action.

SO ORDERED.

Dated: New York, New York
October 25, 2017

_____
KATHERINE B. FORREST
United States District Judge